# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) No. 11 CR 74 |
| MICHAEL HENDERSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Government's motions in limine. For the reasons stated below, the court grants the Government's motions.

## DISCUSSION

I. Outrageous Government Conduct

The Government seeks to bar argument or evidence relating to outrageous government conduct. Defendant Michael Henderson (Henderson) has not objected to the motion, and the court finds that the motion is proper. *See, e.g., United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995). Therefore, the court grants the Government's motion to bar argument or evidence relating to outrageous

1

Government conduct.

II. Penalties Faced by Henderson

The Government seeks to bar the introduction of evidence relating to the potential penalties faced by Henderson, if convicted. Henderson has not objected to the motion. Evidence relating to the penalties faced by a defendant, if convicted, is not relevant to the jury's determination of a defendant's guilt or innocence, and therefore the introduction of such evidence is barred. *See United States v. Lewis,* 110 F.3d 417, 422 (7th Cir. 1997)(stating that "the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored"); *Shannon v. United States*, 512 U.S. 573, 579 (1994)(stating that a jury must "reach its verdict without regard to what sentence might be imposed" and that "[i]nformation about the consequences of a verdict are irrelevant to a jury's task"). Thus, the court grants the Government's motion to bar the introduction of evidence relating to the potential penalties faced by Henderson, if convicted.

III. Evidence Designed to Illicit Jury Nullification

The Government seeks to bar argument or evidence designed to illicit jury nullification, and the Government has specifically identified certain examples of such

argument or evidence, including argument or evidence relating to the Government's motivation for investigating or prosecuting the instant case and argument or evidence relating to Henderson's family needs.

A. General Bar

The Government seeks to generally bar argument or evidence designed to illicit jury nullification. Henderson has objected to the motion. The Government's motion is based on the general prohibition against encouraging jury nullification. *See, e.g.*, *United States v. Dunkin*, 438 F.3d 778, 780 (7th Cir. 2006); *Smith v. Winters*, 337 F.3d 935, 938 (7th Cir. 2003). The court grants the Government's motion to generally exclude argument or evidence designed to illicit jury nullification.

B. Motivation for Investigating or Prosecuting the Instant Case

The Government seeks to bar argument or evidence relating to the Government's motivation for investigating or prosecuting the instant case, including argument or evidence that this case was originally charged by the state and argument or evidence that the Government's prosecution of this case is racially motivated. Henderson has not objected to the motion. Argument or evidence relating to the

Government's motivation are not relevant to the to the jury's determination of a defendant's guilt or innocence. *See, e.g.*, *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979); *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994). Therefore, the court grants the Government's motion to bar argument or evidence relating to the Government's motivation for investigating or prosecuting the instant case, including evidence or arguments that the case was originally charged by the state and argument or evidence that the Government's prosecution of this case is racially motivated.

C. Family Needs

The Government seeks to bar argument or evidence relating to Henderson's family needs. Henderson has not objected to the Government's motion. Argument or evidence relating to a defendant's family needs is not admissible to infer a motive or an excuse for defendant's criminal conduct or to invoke sympathies regarding the impact of a conviction upon a defendant's family. *See, e.g., United States v. Shields*, 1991 WL 236492, at *4 (N.D. Ill. 1991). Therefore, to the extent Henderson seeks to introduce evidence relating to his family for such purposes, the court grants the Government's motion.

IV.  Discovery Requests or Commentary

The Government seeks to bar defense counsel from requesting discovery from witnesses or opposing counsel, moving the court for the production of such discovery, or otherwise commenting on discovery matters in the presence of the jury. Henderson has not objected to the motion.  The Government's motion is meritorious, and the court therefore grants the Government's motion to bar defense counsel from requesting discovery from witnesses or opposing counsel or otherwise commenting on discovery matters in the presence of the jury.

V.  Allegations of Witness Wrongdoing

The Government seeks to bar the introduction of certain evidence relating to alleged wrongdoing by Government witnesses.  Specifically, the Government seeks to bar evidence of prior arrests and other bad acts of Government witnesses, unless such evidence implicates a witness' character for truthfulness.  Henderson has not objected to the motion.  The Government's motion is meritorious, and the court therefore grants the Government's motion.

VI. Argument Relating to Missing Witnesses

The Government seeks to bar argument and evidence relating to witnesses

who do not testify, including Dexter Rogers (Rogers), the passenger in the Henderson's vehicle at the time of Henderson's arrest. Henderson has not objected to the motion. Therefore, the court grants the Government's motion.

VII. Argument Explaining or Defining Reasonable Doubt

The Government seeks to bar argument explaining or defining reasonable doubt. Henderson has not objected to the motion. The Government's motion is meritorious, and the court therefore grants the Government's motion.

VIII. Arguments or Evidence Relating to Certain Defenses

The Government seeks to bar Henderson from introducing evidence or arguments alleging an alibi, necessity, coercion, unavailability, mental defect, public authority, or entrapment. Henderson has not objected to the motion. Therefore, the court grants the Government's motion.

IX. Argument or Evidence Relating to Legality of Traffic Stop and Arrest

The Government seeks to bar argument or evidence about the legality of the traffic stop or Henderson's arrest. Henderson has not objected to the motion. The Government's motion is meritorious, and the court therefore grants the

Government's motion.

X. Prior Convictions

The Government moves to admit evidence of certain of Henderson's prior convictions should Henderson testify at trial. Henderson has not objected to the motion. Therefore, the court grants the Government's motion.

XI. Evidence of Narcotics-Related Activity

The Government has moved, pursuant to Federal Rule of Evidence 404(b) (Rule 404(b)), to admit evidence concerning narcotics-related activity that occurred at the time of the charged offense. Henderson has objected to the motion. Pursuant to Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). In determining

whether to admit Rule 404(b) evidence, a court must consider whether "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice." *United States v. Diekhoff*, 535 F.3d 611, 617 (7th Cir. 2008)(internal quotations omitted)(quoting *United States v. Simpson,* 479 F.3d 492, 498 (7th Cir. 2007)).

Henderson argues that the evidence relating to Roger's possession of heroin is not relevant to the jury's determination of whether Henderson was in possession of a firearm. In support of his argument, Henderson contends that the cases cited by the Government in support of its motion are all distinguishable from the instant case because it was Rogers, not Henderson, who possessed the narcotics at issue. However, at the time of Henderson's arrest, Rogers had a significant amount of heroin in his possession and the two men were traveling together in a vehicle. In addition, law enforcement officers allegedly observed Henderson and Rogers making furtive movements before the officers approached the van, suggesting Rogers and Henderson were attempting to hide contraband. Further, there is evidence indicating

8

that Henderson not only knew that Rogers had heroin on his person, but that Henderson actually gave Rogers the narcotics to hold. Based on such facts, the evidence concerning narcotics-related activity is relevant to establishing Henderson's motive and intent to possess the firearm in the instant case. Henderson also argues that the evidence concerning narcotics-related activity is substantially more prejudicial than probative. To avoid any such prejudice, the court, if warranted, will give a limiting instruction to the jury. Therefore, the court grants the Government's motion to admit evidence concerning narcotics-related activity that occurred at the time of the charged offense.

## CONCLUSION

Based on the foregoing analysis, the court grants the Government's motions in limine.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 1, 2012